IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| BERNARD BARNETT, | ) | |
| Petitioner, | ) | Civil Action No. 7:06CV00255 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| BLEDSOE, et al., | ) | By: Hon. Jackson L. Kiser |
| Respondents. | ) | Senior United States District Judge |

The petitioner, Bernard Barnett, a federal inmate proceeding pro se, brings this action as a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Upon review of the petition, the court concludes that Barnett has failed to demonstrate entitlement to relief under § 2241. Accordingly, Barnett's petition must be dismissed.

Barnett is currently incarcerated at the United States Penitentiary in Lee County, Virginia. In 1992, he was convicted in the United States District Court for the Southern District of New York for conspiring to distribute heroin and cocaine base, possessing a firearm during the commission of a drug trafficking offense, and possessing a firearm after having been convicted of a felony. At sentencing, the court determined that Barnett was a career offender and sentenced him to life imprisonment. Barnett appealed his convictions to the United States Court of Appeals for the Second Circuit. In October of 1993, Barnett's convictions were affirmed. Barnett subsequently filed a motion to vacate, set aside or correct sentence under 28 U.S.C. § 2255. The motion was denied by the district court on December 12, 1994. Barnett's exhibits indicate that he has attempted to obtain authorization from the Second Circuit to file a successive § 2255 motion on five occasions. All of Barnett's requests have been denied.

In his present petition, Barnett asserts that his sentence is invalid because it is greater than the "offense statutory maximum of 30 years." However, an inmate may not challenge the validity of his convictions or sentence in a § 2241 petition, unless a § 2255 motion is "inadequate or

ineffective to test the legality of [the inmate's] detention." Swain v. Pressley, 430 U.S. 372, 381, 51 L. Ed. 2d 411 (1977). The United States Court of Appeals for the Fourth Circuit has held that a § 2255 motion is inadequate and ineffective to test the legality of an inmate's detention only when the following three elements are shown:

> (1) at the time of conviction settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000). A procedural impediment to § 2255 relief, such as the statute of limitations or the rule against successive petitions, does not render § 2255 review "inadequate." See In re Vial, 115 F.3d 1192, 1194 n. 5 (4th Cir. 1997).

Considering Barnett's petition in light of the standard set forth in In re Jones, it is clear that he cannot proceed under § 2241. Barnett has not pointed to any change in the substantive law associated with his convictions, and a review of current federal law shows that the acts for which Barnett is currently incarcerated continue to constitute criminal offenses. See 21 U.S.C. § 841; 18 U.S.C. § 924(c); 18 U.S.C. § 922(g). Accordingly, Barnett's § 2241 petition must be dismissed.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to the petitioner and counsel of record for the respondent.

ENTER: This ___ day of May, 2006.

*[signature]*
Senior United States District Judge